# In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.

## MDL No. 565.

Nos. 83–2793, 83–2940, 83–2941, 83–3177, 83–3154, 83–3204, 83–3289, 83–3587, 83–3792, 83–3793, 83–3889, 83–3890, 84–0331, 84–0332, 84–0542, 84–1358, 84–1707, 84–1708, 84–1710, 84–2646, 84–2647, 84–2672, 84–2858 and 84–2788.

United States District Court, District of Columbia.

April 1, 1992.

See also 798 F.Supp. 755.

George N. Tompkins, Jr., Andrew J. Harakis, Condon & Forsyth, New York City, for defendant.

Donald W. Madole, Speiser, Krause & Madole, George E. Farrell, Healey, Farrell & Lear, Washington, D.C., Juanita M. Madole, Speiser, Krause & Madole, Santa Ana, Cal., Stephen R. Pounian, Milton G. Sincoff, Kreindler & Kreindler, New York City, for plaintiffs.

## MEMORANDUM

AUBREY E. ROBINSON, Jr., District Judge.

### I.  Background

On September 1, 1983 Korean Air Lines Flight 007, while en route from Anchorage, Alaska to Seoul, South Korea, strayed into Soviet airspace.  Soviet military aircraft shot down flight 007, and 269 passengers fell to their death as the plane crashed into the Sea of Japan.  All actions arising out of this accident were transferred by the Judicial Panel on Multidistrict Litigation to this Court for consolidated proceedings.  As a result of previous proceedings, KAL is the sole remaining defendant.

On May 20, 1988 KAL moved to strike the jury demands in plaintiffs' complaints arguing that the Death on the High Seas Act (DOHSA), 46 U.S.C.App. § 761 *et seq.* governed all the actions.  According to the defendant, DOHSA cases may only be tried in admiralty and therefore the plaintiffs were not entitled to a jury trial.  This Court denied defendant's motion in *In re Korean Air Lines Disaster*, 704 F.Supp. 1135 (D.D.C.1988).  KAL then moved for

certification of the issue for interlocutory appeal and the motion was denied.  The liability issue was presented to a jury which found against defendant.  Defendant subsequently appealed the decision but did not argue that the court erred in allowing the case to be tried to a jury.  The Court of Appeals affirmed the jury's findings of causation and willful misconduct but reversed the jury's punitive damage award.  *In re Korean Air Lines Disaster*, 932 F.2d 1475 (D.C.Cir.1991).  The Supreme Court subsequently denied certiorari.  *Dooley v. Korean Air Lines Co.*, — U.S. —, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991).

After the liability issue was resolved, all cases were transferred back to the jurisdiction in which they were originally filed to resolve the individual damages issue.  This Court retained jurisdiction over 24 cases for which a damage determination must be made.

Defendant has, once again, filed a Motion to Strike Plaintiffs' Jury Demand as to the Determination of Damages.  Plaintiff has, once again, responded thereto.  Therefore, the Court must, once again, determine whether a jury trial is the appropriate method of resolving the damage issues in the 24 remaining cases.

### II.  Issues Presented

The primary issue presented for the Court's consideration is whether plaintiffs are entitled to a jury at the damages phase of this case.  In answering that question, three secondary issues must be addressed.  First, does DOHSA provide the exclusive remedy in this case.  Second, if the wrongful death claim may be based on the Warsaw Treaty[1], what is the "law of the court" pursuant to Warsaw Treaty Article 28(2).  Third, what effect do plaintiffs' jury triable survivors claims have upon, what defendants argue are non-jury triable, Warsaw wrongful death claims.

### III.  Is DOHSA an Exclusive Remedy?

Whether plaintiffs are entitled to a jury trial on their wrongful death claims depends in part on whether DOHSA's wrong-

---

1.  Convention for the Unification of Certain Rules Relating to International Transportation by Air, October 12, 1929, 49 Stat. 3000, T.S. No. 876, reprinted in note following 49 U.S.C.App. § 1502.

ful death action is an exclusive remedy or whether plaintiffs may also base their claim on the Warsaw Convention. Defendant argues that, if the location of the accident satisfies the requirements of DOHSA, then DOHSA provides the exclusive remedy, and as an admiralty case, no jury trial is allowed. In contrast, plaintiffs argue that the court has jurisdiction based on 28 U.S.C. §§ 1331 (federal question, i.e. Warsaw Convention) and 1332 (diversity) as well as jurisdiction based on DOHSA.[2] Plaintiffs request a jury trial on the entire case, contending that since the jury issues and the admiralty issues arose out of the same accident, the entire case may be tried to the jury. *See* Part VI, *infra.*

Defendant relies primarily on two Supreme Court cases in support of its argument that DOHSA is the sole remedy for wrongful death actions occurring on the high seas and, thus, as an admiralty action, no jury trial is available. *See Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) (Court refused to supplement DOHSA action with claim for loss of society benefits) and *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986) (DOHSA preempted state wrongful death claim). KAL argues that the preemption created by these cases, combined with the fact that admiralty claims are not usually tried to a jury, means that DOHSA claims may not be tried to a jury.

■ In the prior decision in this case, however, this Court stated that "[i]n essence, these cases hold that DOHSA, when it applies, preempts inconsistent federal law (*Higginbotham*) and inconsistent state law (*Offshore Logistics*). Neither case, however, discussed the availability of jury trials in cases covered by DOHSA ... Because these cases do not have the preemptive force which they are asked to bear, the Court disagrees." 704 F.Supp. at 1152.

Despite the Court's earlier decision that "it cannot be said that jury trials are repugnant to the DOHSA scheme, at least where there are concurrent claims triable by the jury joined with the DOHSA claim,"

KAL continues to argue to the contrary. *Id.*

The Court's opinion of the interpretation of *Higginbotham* and *Offshore Logistics* is unchanged. Congress intended DOHSA actions to be tried to a jury whenever jury trials were available under admiralty law. 704 F.Supp. at 1152, citing 59 Cong.Rec. 4485 (1920) (remarks of Rep. Volstead). *See also, infra* at Part VI, *Moragne v. States Marine Lines, Inc.,* 398 U.S. 375, 400 n. 14, 90 S.Ct. 1772, 1787 n. 14, 26 L.Ed.2d 339 (1970).

■ Two courts have specifically addressed the issue of jury demands in a case involving both DOHSA and the Warsaw Convention. Although the two courts relied on different jurisdictional predicates, both held that DOHSA did not provide the exclusive remedy. In *In re Air Crash Disaster Near Honolulu, Hawaii,* 783 F.Supp. 1261 (N.D.Cal.1992) (hereinafter *Hawaii II*), the court found that the plaintiffs were entitled to a jury trial on the DOHSA and Warsaw actions. The court noted that while suits in admiralty are usually tried to a judge, 28 U.S.C. § 1333 gives a federal court jurisdiction over maritime actions, "saving to suitors in all cases all other remedies to which they are otherwise entitled." Pursuant to the "saving to suitors" clause, the court held that a plaintiff with claims at both admiralty and law could invoke either jurisdiction. *Hawaii II,* 783 F.Supp. at 1266, citing *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360, 82 S.Ct. 780, 783, 7 L.Ed.2d 798 (1962).

In *In re Air Crash Disaster in the Ionian Sea on September 8, 1974,* MDL Docket No. 229, 1979 WL 2973, LEXIS slip op. (S.D.N.Y. April 10, 1979), the court found that DOHSA was not the exclusive remedy and that the court had jurisdiction based concurrently on DOHSA and § 1331(a), federal question (Warsaw). The court also awarded a jury trial to the plaintiffs.

During the liability phase of the instant case, defendant attempted to invoke the

---

**2.** 46 U.S.C.App. § 761.

Warsaw Treaty for its limitation on liability provisions. At that point, defendant argued that the Treaty applied to the facts in this case. Now, however, defendant argues that the Treaty is inapplicable and that DOHSA provides the exclusive remedy. Defendant contends that the plaintiffs "allege federal question jurisdiction ... but do not expressly rely upon or invoke the provisions of the Warsaw Convention. The Warsaw Convention, therefore, cannot now be invoked by the plaintiffs as an independent basis for federal jurisdiction in order to support their demand for a jury trial." Statement of Points and Authorities in Support of the Motion of Defendant Korean Air Lines Co., Ltd. to Strike Plaintiffs' Jury Demands as to the Determination of Damages at 24. As this Court stated in its earlier decision, however, the Warsaw Treaty applies to all complaints here, "Since plaintiffs will be bound by the Treaty's limitation of liability and willful misconduct standard regardless of whether they pled the Treaty to support their complaints, they should have the benefit of the Treaty as the source supporting their jury demand." *In re Korean Air Lines Disaster*, 704 F.Supp. 1135, 1154 (D.D.C.1988), *aff'd in part, vacated in part*, 932 F.2d 1475 (D.C.Cir.), *cert. denied*, — U.S. —, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991).

█ Finally, a treaty is the supreme law of land. U.S. Constitution, Article VI, cl. 2. It is to be regarded as an act of Congress. *United States v. The Schooner Peggy*, 5 U.S. (1 Cranch) 103, 110, 2 L.Ed. 49 (1801). Therefore, to the extent that the Warsaw Convention and DOHSA are in direct conflict, the Warsaw Convention, ratified by the Senate in 1934, supersedes the conflicting provisions of DOHSA, which was enacted in 1920. *Hawaii II*, 783 F.Supp. at 1262. To hold otherwise would effectively allow DOHSA's provisions to render the Warsaw Convention meaningless insofar as it relates to aircraft accidents which occur on the high seas more than a marine league from the shore. Therefore, DOHSA cannot be the exclusive remedy here. If it

were necessary for one of the remedies to supersede the other, the Warsaw Treaty would necessarily supersede DOHSA.

In this case, however, neither cause of action must give way. The Court has jurisdiction based concurrently on 28 U.S.C. § 1331 (Federal Question, i.e. the Warsaw Treaty) and on DOHSA.[3]

IV. Interpretation of the Warsaw Treaty

Article 28(2) of the Warsaw Treaty provides that "[q]uestions of procedure shall be governed by the law of the court to which the case is submitted." 49 U.S.C.App. § 1502 note. Defendant asserts that the only applicable "law of the court" in this case is DOHSA. "In the litigation at bar, DOHSA is the national law which exclusively governs the nature of the proceedings and mandates suit in admiralty without a jury." Memorandum in Support of Defendant's Motion to Strike at 28.

The issue raised by defendant, therefore, is whether in a Warsaw Treaty-wrongful death action, the "law of the court" is DOHSA or whether the court must look to general federal wrongful death law instead. This Court addressed this issue in its earlier decision holding that:

> [t]he problem with KAL's argument is that the "law of th[is] court" is not limited to DOHSA, notwithstanding the "exclusive" nature of the DOHSA remedy. Although DOHSA's exclusivity means that its scheme will ordinarily prevail in cases of conflict, it does not mean that courts can ignore other laws.

704 F.Supp. at 1153.

In light of this Court's earlier ruling, however, and for the reasons explained below, the Court finds it unnecessary to further address whether DOHSA is the "law of the court" to be applied to a Warsaw wrongful death action and, if so, whether a jury trial would be precluded. Even if the Court held that DOHSA is the "law of the court," and therefore a jury trial is precluded on the wrongful death claim, the fact that plaintiffs filed a jury triable *survival*

---

**3.** As the Court stated in its earlier decision in this case, jurisdiction is also based on diversity

coupled with the general maritime actions. *See* 704 F.Supp. at 1155.

claim with the wrongful death claim arising from the same accident, allows the joint claims to be tried to the jury.

■ As the subsequent sections explain, the Court finds the Warsaw survival actions may be tried to a jury. When claims carrying a right to a jury trial are joined with admiralty claims, all of the claims may be tried to a jury. *See, infra, Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963).

Thus, in the instant case, it is irrelevant whether DOHSA is the "law of the court" to be applied to a Warsaw wrongful death action and whether, if DOHSA were the law of the court, a jury trial would be precluded. As explained below, the fact that a jury triable survival claim is joined with the admiralty claim allows the admiralty claim to be tried to the jury also.

### V. Warsaw Survival Claims

In addition to their wrongful death actions, plaintiffs also assert Warsaw survival claims. Such actions compensate the plaintiff for the decedents' pre-death pain and suffering "from the time the missile struck the engines until the fatal crash into the Sea of Japan approximately 12 minutes later." Plaintiffs' Opposition to Defendant's Motion to Strike at 16. Such actions are intended to protect the damages that could have been recovered if the decedent lived. Stuart M. Speiser, *Recovery for Wrongful Death*, § 14:1 (2d ed. 1975 and Supp.1990).

To determine whether the Warsaw Treaty survival action may be tried to a jury, the relevant "law of the court" must be examined, pursuant to Article 28(2) of the Warsaw Treaty. The "law of the court" insofar as survival actions are concerned is analogous federal survival law. For a complete examination of these statutory survival actions *see In re Inflight Explosion on Trans World Airlines, Inc.*, 778 F.Supp. 625 (E.D.N.Y.1991) (hereinafter *TWA* ).

Based on analogous federal survival statutes, Warsaw survival claims may be tried to a jury. *See* 778 F.Supp. at 641 (jury's award of survival benefits is appropriate under the Warsaw Treaty). *See also, Dun-*

*can v. Duncan*, 377 F.2d 49 (6th Cir.), *cert. denied*, 389 U.S. 913, 88 S.Ct. 239, 19 L.Ed.2d 260 (1967); *Hawaii II*, 783 F.Supp. at 1265; *Gilbert v. Pan American World Airways, Inc.*, 1988 WL 74987, *1 1988 U.S. Dist. LEXIS 6932, *1 (S.D.N.Y. July 8, 1988); *In re Air Crash Disaster in the Ionian Sea on September 8, 1974*, MDL Docket No. 229, 1979 WL 2973, LEXIS slip op. (S.D.N.Y. April 10, 1979); *Pierre v. Eastern Air Lines, Inc.*, 152 F.Supp. 486 (D.C.N.J.1957).

### VI. Joining Jury and Non-Jury Triable Issues

■ In *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 83 S.Ct. 1646, 10 L.Ed.2d 720 (1963), the Supreme Court addressed the situation where jury triable issues are joined with issues that are usually tried to the court. The Court held that "[r]equiring a seaman to split up his lawsuit, submitting part of it to a jury and part to a judge, unduly complicates and confuses a trial.... In the absence of some statutory or constitutional obstacle, an end should be put to such an unfortunate, outdated, and wasteful manner of trying these cases." 374 U.S. at 18–20, 83 S.Ct. at 1649–50. The Court found that the Seventh Amendment did not forbid jury trials in admiralty or maritime cases. One trier of fact should decide "what is essentially one lawsuit to settle one claim split conceptually into separate parts because of historical developments." *Id.* at 21, 83 S.Ct. at 1650. Therefore, the Court held that where both jury and non-jury triable issues arise from the same set of factual circumstances, all issues should be tried by the jury to avoid "unnecessary obstacles in the paths of litigants seeking justice in our courts." *Id.*

The Court's subsequent decision in *Moragne v. States Marine Lines, Inc.*, 398 U.S. 375, 90 S.Ct. 1772, 26 L.Ed.2d 339 (1970) was consistent with *Fitzgerald's* rationale. In *Moragne* the Court stated that:

[i]f we found from the legislative history that Congress imposed exclusive jurisdiction because of a desire to avoid the presentation of wrongful-death claims to juries, that might support an inference

that Congress meant to forbid nonstatutory maritime actions for wrongful death, which might come before state or federal juries. Cf. *Fitzgerald v. United States Lines,* 374 U.S. 16 [83 S.Ct. 1646, 10 L.Ed.2d 720] (1963). However, that is not the case. The only discussion of exclusive jurisdiction in the legislative history is found in the House floor debates, during the course of which Representative Volstead, floor manager of the bill and chairman of the Judiciary Committee, told the members that exclusive jurisdiction would follow necessarily from the fact that the Act would be part of the federal maritime law. 59 Cong. Rec. 4485. This erroneous view disregards the "saving clause" in 28 U.S.C. § 1333, and the fact that federal maritime law is applicable to suits brought in state courts under the permission of that clause.... When asked whether it was true that jury trials would never be available in suits under the Act, Representative Volstead replied: "I do not think so."

398 U.S. at 400 n. 14, 90 S.Ct. at 1787 n. 14.

Consequently, pursuant to the *Fitzgerald* and *Moragne* rationale, the Court finds that, because the claims arose from the same accident, the wrongful death and survival claims should be tried to the jury.

## VII. Conclusion

The Court has jurisdiction based concurrently on DOHSA, Warsaw (federal question), and diversity in the maritime actions. DOHSA does not provide the exclusive jurisdiction. Defendant argues that, even if DOHSA does not provide the exclusive wrongful death remedy, DOHSA must be used as the "law of the court" pursuant to Article 28(2) of the Warsaw Treaty, to determine procedural questions insofar as the Warsaw wrongful death claim is concerned, and therefore, the Warsaw wrongful death claims also may not be tried to a jury. It is unnecessary, however, for the court to decide whether DOHSA should be the "law of the court." Assuming *arguendo* that DOHSA is the appropriate "law of the court," the wrongful death action ultimately would be tried to the jury nonetheless.

Plaintiffs filed jury triable survivors claims with what defendants argue are non-jury triable, Warsaw wrongful death claims. In such a situation, the Supreme Court held that both the jury triable and the non-jury triable issues should be tried to a jury. Therefore, Defendant's Motion to Strike Plaintiffs' Jury Demand is denied.