**In re AIRCRASH DISASTER NEAR ROSELAWN, INDIANA ON OCTOBER 31, 1994.**

Nos. 95 C 4593, MDL 1070.

United States District Court,
N.D. Illinois,
Eastern Division.

Feb. 5, 1997.

Janice R. Forde, Kevin Michael Forde, Kevin M. Forde, Ltd., Chicago, IL, Michael L. Slack, Slack & Davis, L.L.P., Austin, TX, Gerard R. Lear, Speiser, Krause, Madole & Lear, Rosslyn, VA, Terry O'Reilly, Law Offices of O'Reilly & Collins, Menlo Park, CA, Thomas P. Meehan, Sherman, Meehan & Curtis, P.C., Washington, DC, James T. Crouse, Speiser & Krause, Rosslyn, VA, for Plaintiffs.

Storrs Whitmore Downey, Landau, Omahana & Kopka, Ltd., Chicago, IL, for Ingersoll Milling Machine Co.

Michael P. Connelly, Thomas F. Tobin, John M. Kelly, Connelly & Schroeder, Chicago, IL, for Avions De Transport Regional, G.I.E., ATR Support, Inc., Alenia S.P.A., Aerospatiale, Inc.

Jerold Sherwin Solovy, Anton Ronald Valukas, Sidney I. Schenkier, Jenner & Block, Chicago, IL, Charles William Douglas, Sara J. Gourley, Sheila Ann Sundvall, Sidley & Austin, Chicago, IL, for American Airlines, Inc., AMR Corp.

Jerold Sherwin Solovy, Anton Ronald Valukas, Sidney I. Schenkier, Jenner & Block, Chicago, IL, Robert L. Alpert, Chapel Hill, NC, for AMR Leasing Corp., AMR Eagle, Inc., Robert H. Mittleman.

Charles William Douglas, Sara J. Gourley, Sheila Ann Sundvall, Sidley & Austin, Chicago, IL, Robert L. Alpert, Chapel Hill, NC, Thomas P. Meehan, Sherman, Meehan & Curtis, P.C., Washington, DC, for Simmons Airlines, Inc.

Richard Charles Palmer, Wildman, Harrold, Allen & Dixon, Chicago, IL, for Honeywell, Inc.

Nicholas J. Bua, Burke, Weaver & Prell, Chicago, IL, for Nicholas J. Bua.

### MEMORANDUM OPINION AND ORDER

CASTILLO, District Judge.

These consolidated cases arise from the tragic crash of American Eagle Flight 4184 near Roselawn, Indiana, in which all 68 people on board perished. Last November, this Court issued a choice of law ruling affecting the availability of compensatory damages for passengers' pre-impact fear and terror. *In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994,* 948 F.Supp. 747 (N.D.Ill.1996) ("*Roselawn IV*"). *Roselawn IV* held that, for the majority of the cases before us, the availability of pre-impact fear damages was governed by the law of the decedent's domicile.

As part of that ruling, we stated that our choice of law analysis was not affected by whether or not an individual plaintiff's claims were subject to the Warsaw Convention,[1] citing *Zicherman v. Korean Air Lines Co. Ltd.,* — U.S. —, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996). Some defendants[2] have moved for a reconsideration of *Roselawn IV* it pertains to Warsaw Convention cases,[3] arguing that the Warsaw Convention prohibits recovery for pre-impact fear. For the following reasons, we decline to reverse our previous ruling.

1. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934) (reprinted in note following 49 U.S.C. App. § 1502 (1988 ed.)).

2. The "Airline Defendants": American Airlines, Inc.; Simmons Airlines, Inc.; AMR Corporation; AMR Eagle, Inc.; and AMR Leasing Corporation.

3. The defendants have identified the relevant Warsaw Convention cases as: *Dhlamini (Masilo) v. AMR Corp.,* No. 95 C 1058; *Kangiser (Grimberg) v. AMR Corp.,* No. 96 C 8496; *LaRoche v. Simmons Airlines, Inc.* (now titled *Robitaille v. Simmons Airlines, Inc.),* No. 96 C 1021; *Leech v. AMR Corp.,* No. 96 C 0165; *MacKenzie (Tweedie) v. AMR Corp.,* No. 95 C 0632; *Parmar v. AMR*

### ANALYSIS

The dispute focuses on the proper interpretation of the coverage of the Warsaw Convention. The defendants argue that preimpact fear is a purely psychic injury, and that the recovery of damages for such injuries is foreclosed by *Eastern Airlines, Inc. v. Floyd,* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991), in which the Supreme Court held that air carriers were not liable under the Warsaw Convention to passengers who suffered only psychic injuries. The plaintiffs respond that in this case, the psychic injuries were accompanied by physical injuries (including the deaths of all passengers), and note that the Court in *Floyd* specifically declined to consider the situation in which both types of injury were present. The plaintiffs contend that neither *Floyd* nor any other binding authority requires the dismissal of their claims alleging preimpact fear. For the reasons that follow, we agree.

The official text of the Convention is written in French. Article 17, which sets out the circumstances in which the air carrier will be liable for personal injuries,[4] reads as follows:

Le transporteur est responsable du dommage survenu en cas de mort, de blessure ou de toute autre lésion corporelle subie par un voyageur lorsque l'accident qui a causé le dommage s'est produit à bord de l'aéronef ou au cours de toutes opérations d'embarquement et de débarquement.

49 Stat. 3005 (*quoted in Zicherman,* — U.S. at — n. 2, 116 S.Ct. at 632 n. 2). The official American translation of this article is

*Corp.,* No. 95 C 0636; *Ramm v. AMR Corp.,* No. 95 C 7461; and *Robitaille v. AMR Corp.,* No. 96 C 1022. The defendants do not seek reconsideration of the Court's previous choice of law ruling pertaining to four other Warsaw Convention cases: *Cunningham v. AMR Corp.,* No. 95 C 0946; *MacDonald v. AMR Corp.,* No. 95 C 0630; *Snyder v. AMR Corp.,* No. 95 C 2133; and *Wright v. Simmons Airlines, Inc.,* No. 95 C 1018. The choice of law ruling governing these cases is *In re Aircrash Disaster Near Roselawn, Indiana on October 31, 1994,* 926 F.Supp. 736 (N.D.Ill. May 6, 1996).

4. Article 18 sets out the air carriers' liability for property damage or property loss, and Article 19 limns carriers' liability for delays in transportation.

that given when the treaty was ratified by the United States Senate in 1934:

> The carrier shall be liable for damage sustained in the event of the death or wounding of a passenger or any other bodily injury suffered by a passenger, if the accident which caused the damage so sustained took place on board the aircraft or in the course of any of the operations of embarking or debarking.

*Id.* at 3018 (*quoted in Zicherman,* —— U.S. at ——, 116 S.Ct. at 632).

Three Supreme Court cases have interpreted different aspects of this passage. The first was *Air France v. Saks,* 470 U.S. 392, 105 S.Ct. 1338, 84 L.Ed.2d 289 (1985), in which a passenger who became deaf in one ear as a result of normal cabin depressurization during landing sued under the Warsaw Convention. The analysis focused on whether the injury was caused by an "accident," as required by Article 17. The Court carefully examined the text and history of the Convention and concluded that the term "accident" must be interpreted to mean "an unexpected or unusual event or happening that is external to the passenger." *Id.* at 405, 105 S.Ct. at 1345. Article 17 establishes liability only for injuries caused by an accident. Because the passenger's injury was due to her own physical reaction to the normal operations of an airplane, the requirement that the injury be caused by an accident was not met, and the air carrier was not liable. *Id.* at 406, 105 S.Ct. at 1345–46.

The Court then addressed the proper standard to be applied in judging whether an accident caused the passenger's injuries. "Any injury is the product of a chain of causes, and we require only that the passenger be able to prove that some link in the chain was an unusual or unexpected event external to the passenger." *Id.* This broad formulation mirrors the "any contributing factor" definition of proximate cause commonly employed in tort cases. *See, e.g.,* Illinois Pattern Jury Instructions Civil 15.01 (1994) ("proximate cause" means "any cause which, in natural or probable sequence, produced the injury complained of. It need not be the only cause. . . .").

The Court next construed Article 17 six years later in *Floyd,* parsing the meaning of the phrase "lésion corporelle," usually translated as "bodily injury." *Floyd,* 499 U.S. 530, 111 S.Ct. 1489, 113 L.Ed.2d 569 (1991). The Court held that that phrase did not encompass "purely psychic" injuries. Because the occurrence of death, wounding, or "lésion corporelle" is a prerequisite to carrier liability under Article 17, a plaintiff alleging only mental distress cannot bring a Warsaw Convention claim. "[A]n air carrier cannot be held liable under Article 17 when an accident has not caused a passenger to suffer death, physical injury, or physical manifestation of injury." *Id.* at 552, 111 S.Ct. at 1502.

The injuries at issue in *Floyd* occurred when all three engines of an Eastern Airlines plane failed as the plane was en route from Miami to the Bahamas. The plane began losing altitude, and the passengers were informed that it would be necessary to ditch the plane in the ocean. During the descent, however, the crew was able to restart one engine, and the plane landed safely at the Miami airport. Several passengers sued the airline, alleging emotional distress but no physical injuries. The Supreme Court held that emotional distress alone was insufficient to trigger Article 17 liability.

The Court noted that, "under Article 17, an air carrier is liable for passenger injury only when three conditions are satisfied: (1) there has been an accident, in which (2) the passenger has suffered 'mort,' 'blessure,' 'ou . . . toute autre lésion corporelle,' and (3) the accident took place on board the aircraft or in the course of operations of embarking or disembarking." *Id.* at 535–36, 111 S.Ct. at 1494. There was no dispute that the engine failure and subsequent loss of altitude constituted an "accident" that took place while the passengers were on board. The question was whether the second requirement of liability—the occurrence of death, wounding, or "lésion corporelle"—had been met. After carefully examining the language of Articles 17 and 18, records of the negotiation of the Convention, French law, and various expert commentaries, the Court concluded that purely psychic injuries did not fall within the intended meaning of "lésion corporelle." As

no death or wounding was alleged either, the airline could not be liable under Article 17. *Id.* at 552, 111 S.Ct. at 1502.

It is worth noting what the *Floyd* Court did not address. First, the Court made it clear that it "express[ed] no view as to whether passengers can recover for mental injuries that are accompanied by physical injuries," as that issue was not before the Court. *Id.* at 552–53, 111 S.Ct. at 1502. There is little doubt that the Roselawn crash caused all of the passengers to sustain physical injuries (and death) in addition to any pre-impact fear they may have felt. Thus, *Floyd* does not resolve the issue before us.

Second, the Court in *Floyd* did not hold that there could never be any recovery for purely psychic injuries under Article 17, although the holding of *Floyd* is often characterized this way. Instead, the Court employed careful language to hold that "physical injury" was a precondition to liability. Nothing in *Floyd* states that once that precondition is met, and physical injury or death is present, damages for mental distress are not available.

The most recent Supreme Court case to interpret the Warsaw Convention is *Zicherman v. Korean Air Lines Co., Ltd.,* — U.S. ——, 116 S.Ct. 629, 133 L.Ed.2d 596 (1996). In *Zicherman*, the Court considered the proper meaning of "dommage survenu" (usually translated as "damage sustained"), and held that "'dommage' means ... 'legally cognizable harm.'" *Id.* at ——, 116 S.Ct. at 633. The Court found that "the issue of compensable harm is ... unresolved by the Convention itself." *Id.* at ——, 116 S.Ct. at 635. Instead, "the compensable harm is to be determined by domestic law," *id.*, and "Article 17 leaves it to adjudicating courts to specify what harm is cognizable." *Id.* at ——, 116 S.Ct. at 633. In *Zicherman*, the air disaster was the downing of Korean Air Lines Flight KE007, which occurred over the high seas, and so the applicable domestic law was the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App. § 761. That Act, rather than the Warsaw Convention, dictated the answers to the questions of who could recover and the damages available to them: for instance, loss-of-society damages were not recoverable. *Id.* at ——, 116 S.Ct. at 636; *see also id.* at n. 4 (declining to reach issues not raised by the parties as to whether DOHSA permits a jury trial or the awarding of pain and suffering damages).

■ *Zicherman* confirms that the Warsaw Convention itself contains no prohibition against the recovery of any particular type of damages in an Article 17 action. Instead, in determining the availability of particular types of damages under Article 17, courts "must apply the law that would govern in absence of the Warsaw Convention." *Id.* at ——, 116 S.Ct. at 636. That is exactly what this Court did in *Roselawn IV.* As can be seen from the above examination of the relevant Supreme Court cases, none of these cases require or even suggest that we should have discovered a prohibition against pre-impact fear damages in the text of the Convention itself. The defendants have not provided any compelling reason inherent in Supreme Court jurisprudence to reconsider our earlier ruling.

The defendants also rely on lower court rulings that have extended the holding of *Floyd* to create a partial bar to recovering for emotional distress under the Warsaw Convention. These courts typically hold that Article 17 plaintiffs may recover damages for emotional distress only when that distress arose from physical injuries that the plaintiffs also sustained. *See Jack v. Trans World Airlines, Inc.,* 854 F.Supp. 654 (N.D.Cal.1994) (Warsaw Convention plaintiffs could recover only for physical injuries and the emotional distress flowing from those injuries); *Wencelius v. Air France, Inc.,* No. SACV 95–389, 1996 WL 866122 (C.D.Cal. Feb. 29, 1996) (same, relying on *Jack* ); *Longo v. Air France,* No. 95 CV 0292, 1996 WL 866124 (S.D.N.Y. July 25, 1996) (same); *In re Inflight Explosion on Trans World Airlines, Inc. Aircraft Approaching Athens, Greece on April 2, 1986,* 778 F.Supp. 625 (S.D.N.Y.1991) (passenger injured in an explosion and then ejected from the plane in mid-air could recover for his conscious pain and suffering "while in pain from his wounds, falling to certain death"), *rev'd on other grounds sub nom. Ospina v. Trans World Airlines, Inc.,* 975 F.2d 35 (2d Cir.1992); *Burnett v. Trans*

*World Airlines, Inc.*, 368 F.Supp. 1152 (D.N.M.1973) (damages for "mental anguish directly resulting from a bodily injury" were recoverable).

These courts hold that emotional distress claims flowing from the *accident* (as opposed to some *physical injury* sustained in the accident) are unrecoverable. These courts reason that the results could be inequitable if they were to limit liability as a threshold matter to situations in which physical injury or death has occurred, under *Floyd*, but then allow recovery for any damage sustained in the accident, even emotional distress. The fear is that "[t]he happenstance of getting scratched on the way down the evacuation slide [might] enable one passenger to obtain a substantially greater recovery than that of an unscratched co-passenger who was equally terrified by the plane crash." *Jack*, 854 F.Supp. at 668.

 We are not unmoved by the reasoning of these courts, but believe that it represents a policy argument that we are not empowered to engage in here, where the commands of Article 17 itself and our Supreme Court are relatively plain.[5] Article 17 itself expressly requires a causal link only between "damage sustained" and the accident. "The carrier shall be liable for damage sustained ... if the *accident which caused the damage so sustained* took place on board the aircraft...." 49 Stat. 3018 (emphasis added). Article 17 does not say that a carrier will only be liable for damage caused by a bodily injury, or that passengers can only recover for mental injuries if they are caused by bodily injuries. No less an authority than our Supreme Court has indicated that the key causal link is between the accident and the damage sustained. *See Saks*, 470 U.S. at 396, 105 S.Ct. at 1341 (the carrier is liable under the Warsaw Convention "if the passenger proves that an 'accident' was the cause of her injury".... "[L]iability under Article 17

... arises ... if a passenger's injury is caused by an unexpected or unusual event or happening that is external to the passenger.").

 We agree with the lower court opinions cited by the defendants that possible inequities of recovery among equally terrified fellow passengers present a very real and troubling issue. (That issue does not exist here, where all the passengers perished.) We view this problem as a side effect of Article 17's focus on physical injury as a threshold requirement for liability, rather than being caused by permitting passengers to recover for all the damage they sustained in the accident—both physical and emotional—once liability is established. Our decision here, which permits those passengers who sustained physical injury in the accident to recover for any pre-impact terror they may have experienced, is no more unfair than the rule recognized in *Floyd*, which permits only passengers with physical injuries to recover at all. And, ultimately, we are not free to rewrite the terms of the Warsaw Convention in an attempt to remedy these inequities. As for the desire for a uniform rule or result, the Supreme Court noted that the determination of the damages available in a Warsaw Convention action "is not an area in which the imposition of uniformity was found feasible." *Zicherman*, —— U.S. at ——, 116 S.Ct. at 636. Accordingly, we decline to endorse the interpretation adopted in *Jack* and its brethren and instead follow the express language of Article 17 and the interpretations given that language by our Supreme Court.

### CONCLUSION

For all of the foregoing reasons, the motion for reconsideration is denied.

---

5. We also note that not all lower courts to consider the question have denied recovery of damages for pre-death pain and suffering under *Floyd*. For instance, in *In re Air Crash Disaster Near Honolulu, Hawaii, on February 24, 1989*, 783 F.Supp. 1261 (N.D.Cal.1992) the court took an extremely searching look at the intent of the drafters of the Warsaw Convention. The court concluded that, because the civil codes with which the principal drafters were most familiar "typically create an undifferentiated remedy which applies wherever liability is established," Article 17 should be read to permit the recovery of "the remedies traditionally provided by common law in personal injury actions, wrongful death actions and survival actions." *Id.* at 1265. We strongly believe that this understanding is most consistent with the original intent of the Warsaw Convention as well as the Supreme Court's interpretation of Article 17.