**In re KOREAN AIR LINES DISASTER OF SEPTEMBER 1, 1983.**

**Jeung Em YUN, as Personal Representative and Administratrix of the Estate of Ei Sik Yun, deceased, Plaintiff,**

v.

**KOREAN AIR LINES, the Boeing Company, Litton Industries, Inc., and the United States, Defendants.**

**Mo Hsiang Lai TSAO, individually, and as Personal Representative and Administratrix of the Estate of Yuen Che Tsao, deceased, and as guardian and representative of decedent's minor children, Hoi–Mei Tsao and Hoi–Shan Tsao, deceased, Plaintiff,**

v.

**KOREAN AIR LINES, the Boeing Company, Litton Industries, Inc., and the United States, Defendants.**

**Civ. A. Nos. 83–CV–4492 (TCP), 84–CV–2371 (TCP).**

United States District Court,
E.D. New York.

June 24, 1992.

Milton Sincoff, Kreindler & Kreindler, New York City, for plaintiff.

George Tompkins, Condon & Forsyth, New York City, for defendants.

## MEMORANDUM AND ORDER

PLATT, Chief Judge.

The two above-captioned cases were consolidated with others by the Judicial Panel for Multi–District Litigation before Chief Judge Aubrey E. Robinson, Jr. of the United States District Court for the District of Columbia for a consolidated trial on the issue whether the Korean Air Lines Disaster of September 1, 1983 was proximately caused by the "wilful misconduct" of the defendants, including Korean Air Lines. On August 2, 1989, the jury returned a verdict against the defendants. On appeal the Circuit Court affirmed the jury finding of wilful misconduct but vacated the finding for punitive damages, holding that punitive damages are not recoverable under the Warsaw Convention[1]. *In re Korean Air Lines Disaster*, 932 F.2d 1475 (D.C.Cir.), *cert. denied,* —— U.S. ——, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991). Subsequently the individual cases, including the two at issue here, were returned to their originating districts for trials on damages.

Presently before the Court is a motion by defendant Korean Air Lines ("KAL" or "defendant") to strike the jury ·demands made in plaintiffs' complaints. Defendant's motion raises interesting, and somewhat novel, questions regarding the interplay between the Warsaw Convention and admiralty law in general and between the Warsaw Convention and the Death on the High Seas Act ("DOHSA"), 46 U.S.C.App.

---

[1]. Convention for the Unification of Certain Rules Relating to International Transportation by Air, Oct. 12, 1929, 49 Stat. 3000, T.S. No. 876 (1934), reprinted in note following 49 U.S.C.App. § 1502.

§§ 761–768, in particular. For the reasons set forth below, the motion is denied.

## BACKGROUND

On September 1, 1983, KAL flight KE007 was shot down and destroyed by Soviet military aircraft, killing all passengers and crew. The plane crashed into the Sea of Japan, more than a marine league from the shore of any State, territory or dependency of the United States. All actions arising from the disaster were transferred by the Judicial Panel on Multidistrict Litigation to the D.C. District Court before Chief Judge Robinson. *In re Korean Air Lines Disaster of Sept. 1, 1983,* 575 F.Supp. 342 (J.P.M.D.L.1983). On May 20, 1988, KAL moved to strike the jury demands in all of the plaintiffs' complaints, including the two at issue here, on the ground that because the disaster took place over the high seas,[2] the consolidated actions were each governed by the Death on the High Seas Act ("DOHSA"), and that under DOHSA plaintiffs had no right to a jury trial. Chief Judge Robinson denied KAL's motion by Memorandum and Order dated November 7, 1988. *In re Korean Air Lines Disaster of Sept. 1, 1983,* 704 F.Supp. 1135 (D.D.C.1988) ("*KAL I*").

In *KAL I,* as in the instant proceeding, defendant relied heavily on the United States Supreme Court decisions in *Mobil Oil Corp. v. Higginbotham,* 436 U.S. 618, 98 S.Ct. 2010, 56 L.Ed.2d 581 (1978) and *Offshore Logistics, Inc. v. Tallentire,* 477 U.S. 207, 106 S.Ct. 2485, 91 L.Ed.2d 174 (1986). Defendant argued that these cases, "when combined with the general rule that admiralty suits are tried without a jury, establish that plaintiffs are not entitled to a jury trial notwithstanding the existence of any other cause of action that would otherwise support a jury demand." *KAL I,* 704 F.Supp. at 1152. Chief Judge Robinson, however, rejected this broad reading of the *Higginbotham* and *Tallentire* cases and further reasoned that although "Congress placed federal jurisdiction under DOHSA in

admiralty, … it cannot be said that jury trials are repugnant to the DOHSA scheme, at least where there are concurrent claims triable by the jury joined with the DOHSA claim." *Id.*

KAL recognized the rule that "when claims carrying a right to jury trial are joined with admiralty claims and arise out of the same transaction or occurrence, all claims may be tried to a jury," *id.* at 1152–53, but argued, in effect, that the non-admiralty Warsaw Convention claims are not triable before a jury and therefore this rule need not apply. In KAL's view, Warsaw Convention claims arising from air crashes over the high seas are not triable before a jury because under Warsaw Convention Article 28(2), "questions of procedure shall be governed by the law of the court to which the case is submitted," and in such crashes the "law of the court" is DOHSA, under which no right to a jury trial exists: DOHSA + Warsaw Convention (DOHSA) = DOHSA. Chief Judge Robinson rejected KAL's argument that the "law of the court" was limited to DOHSA in this case. Instead, the Court looked to whether general federal law "provides for a jury trial in wrongful death actions brought under the Warsaw Convention." *Id.* at 1153. The Court concluded:

> Wrongful death actions, essentially grounded in negligence and other common-law tort concepts, have been typically tried by juries. The nature of the issues to be tried—culpability, causation, and damages—are issues commonly reserved for juries. In sum, a wrongful death action under the Warsaw Convention should be tried by a jury.

*Id.* Accordingly, KAL's motion to strike the jury demands was denied. Chief Judge Robinson later denied KAL's motion to certify the jury trial issue for interlocutory appeal on December 6, 1988.

After the jury verdict, KAL appealed the case, challenging initially the verdict, the imposition of punitive damages and Chief Judge Robinson's finding that plaintiffs

---

**2.** For purposes of the Death on the High Seas Act, "high seas" are situate "beyond a marine league from the shore of any state, or the District of Columbia, or the Territories or dependencies of the United States." 46 U.S.C.App. § 761.

were entitled to a jury trial. After moving unsuccessfully to file a longer appellate brief than allowed by the rules applicable in the United States Circuit Court for the District of Columbia, KAL dropped its challenge to Chief Judge Robinson's finding on the jury trial issue. The Circuit Court affirmed the jury's findings on causation and wilful misconduct, but dismissed the punitive damages awards as not recoverable under the Warsaw Convention. *Korean Air Lines Disaster*, 932 F.2d 1475 (D.C.Cir.), *cert. denied*, —— U.S. ——, 112 S.Ct. 616, 116 L.Ed.2d 638 (1991).

Thereafter, KAL brought its motion to strike the jury demand before Chief Judge Robinson yet again for the twenty-four cases remaining in the District of Columbia. This time, however, KAL attempted to distinguish, as it attempts to do in the instant cases, between the right to a jury trial for purposes of liability as opposed to that right for purposes of damages. Chief Judge Robinson denied the motion as to those twenty-four cases in a Memorandum and Order dated March 31, 1992 ("*KAL II*").[3]

In his second order, Chief Judge Robinson stated that the determination of the issue of whether plaintiffs were entitled to a jury trial on damages depended on three sub-issues: (i) whether DOHSA provides the exclusive remedy; (ii) if plaintiffs' wrongful death claims may be based on the Warsaw Convention, what is the "law of the court" pursuant to Article 28(2); and (iii) what effect did plaintiffs' jury triable survival claims have on the question.

The Court found initially that DOHSA did not constitute the exclusive remedy in this case, stating that the Warsaw Convention applies concurrently. The Court noted that defendant had argued at an earlier stage in the litigation that plaintiffs' claims were limited by the liability provisions of the Warsaw Convention. Quoting its earlier decision, the Court stated in response that "[s]ince plaintiffs will be bound by the

Treaty's limitation of liability and willful misconduct standard regardless of whether they pled the Treaty to support their complaints, they should have the benefit of the Treaty as the source supporting their jury demands." *KAL II* (quoting *KAL I*, 704 F.Supp. at 1154).

Secondly, Chief Judge Robinson addressed the question of whether the "law of the court" under Article 28(2) was limited to DOHSA. The Court noted first that it had addressed this question in *KAL I*, holding that the "law of the court" was not so limited. The Court then stated that even if DOHSA is the "law of the court," however, plaintiffs are still entitled to a jury trial because plaintiffs had each filed jury triable survival claims in addition to the wrongful death claims arising from the disaster. The Court found that such "Warsaw survival actions," *KAL II*, at 8, are triable before a jury and when "claims carrying a right to a jury trial are joined with admiralty claims, all of the claims may be tried to a jury." *Id.* (citing *Fitzgerald v. United States Lines Co.*, 374 U.S. 16, 21, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963)). Thus, on the third issue, the Court found that the presence of jury triable survival claims dispositive of the question whether plaintiffs were entitled to a jury.

## DISCUSSION

### A. *The Law of the Case*

■ Plaintiffs argue that given the prior history of this case and the motion filed and decided in *KAL I*, the instant motion is barred on the ground of issue preclusion. Defendant correctly notes, however, that issue preclusion is inapplicable here because the instant proceedings do not constitute a separate cause of action from the liability phase of the multidistrict litigation. *See Allen v. McCurry*, 449 U.S. 90, 94, 101 S.Ct. 411, 414, 66 L.Ed.2d 308 (1980) ("Under collateral estoppel, once a court has decided an issue of fact or law necessary to its judgment, that decision may preclude

---

3. Upon defendant's motion, Judge Robinson certified the jury trial issue for an interlocutory appeal pursuant to 28 U.S.C. § 1292(b). On or about June 9, 1992, the Court of Appeals for the

District of Columbia accepted the appeal and thus the jury trial issue is now *sub justice* before that Court.

relitigation of the issue in a suit on a *different* cause of action involving a party to the first case.") (emphasis added); *Montana v. United States*, 440 U.S. 147, 153, 99 S.Ct. 970, 973, 59 L.Ed.2d 210 (1979) ("Under collateral estoppel, once an issue is actually and necessarily determined by a court of competent jurisdiction, that determination is conclusive in *subsequent suits* based on a different cause of action involving a part to the prior litigation") (emphasis added).

■ Although it is clear that issue preclusion does not bar defendant's current motion, it is a much closer question whether the motion may be barred under the "law of the case" doctrine. "Under the law of the case doctrine, a decision on an issue of law made at one stage of a case becomes binding precedent to be followed in subsequent stages of the same litigation." *In re PCH Associates*, 949 F.2d 585, 592 (2d Cir.1991). It is oft stated that "[l]aw of the case directs a court's discretion, it does not limit the tribunal's power." *Arizona v. California*, 460 U.S. 605, 618, 103 S.Ct. 1382, 1391, 75 L.Ed.2d 318 (1983). Therefore, application of the doctrine is a matter of discretion for the Court.

■ Defendants argue that this Court should not exercise the doctrine because "the Court of Appeals for the District of Columbia simply did not rule on the jury trial question and, therefore, there is nothing binding from a superior court to an inferior court." Def's Mem. at 40. We disagree. The law of the case doctrine is not limited to the situation in which a lower court on remand must follow a ruling previously made by a higher court. *See* C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 4478, at 788 (1981). In fact, the Court finds it somewhat disingenuous for defendant to argue that the absence of an appellate ruling on this issue should preclude application of law of the case when, in fact, defendant itself failed to raise Chief Judge Robinson's

ruling on the jury trial issue as a ground for appeal.[4] *See Williamsburg Wax Museum, Inc. v. Historic Figures, Inc.*, 810 F.2d 243, 250 (D.C.Cir.1987) ("Under law of the case doctrine, a legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time."); *Fogel v. Chestnutt*, 668 F.2d 100, 108–09 (2d Cir.1981), *cert. denied*, 459 U.S. 828, 103 S.Ct. 65, 74 L.Ed.2d 66 (1982) ("It would be absurd that a party who has chosen not to argue a point on a first appeal should stand better as regards the law of the case than one who had argued and lost.").

■ The law of the case doctrine "counsel[s] against reconsideration of issues absent compelling circumstances such as an intervening change of the law, the availability of new evidence, the need to correct a clear error, or to prevent manifest injustice." *Diduck v. Kaszycki & Sons Contractors, Inc.*, 737 F.Supp. 792 (S.D.N.Y. 1990). Chief Judge Robinson has denied defendant's instant motion twice; both times after a thorough and well reasoned analysis of the issues raised. None of the factors suggesting that application of the law of the case doctrine is inappropriate are present here. Plaintiffs' right to try the damages phase of their cases to a jury is law of the case and, therefore, defendant's motion is denied.

## B. The Merits

Assuming, *arguendo*, that defendant is not barred by the law of the case, the Court still finds that plaintiffs are entitled to a jury trial. As discussed above, the basic structure of defendant's argument is as follows. First, defendant notes the general principle that no right to a jury trial exists in admiralty. Second, defendant states that because Congress specified that

---

**4.** The fact that defendant moved to submit a longer than usual brief to the Court of Appeals and in that motion identified the jury trial issue as a ground for appeal is insignificant. Defendant's appeal, as filed and argued, raised only the issues of punitive damages and the jury finding of wilful misconduct.

jurisdiction under DOHSA is founded in admiralty, actions brought under DOHSA may only be tried to a judge. Third, defendant notes that the Warsaw Convention does not expressly provide for a jury trial and therefore a court must look to local law—the "law of the court" in Article 28(2) of the Warsaw Convention—to determine whether a jury trial right exists for a Warsaw Convention action. Fourth, defendant states that because the disaster occurred over the "high seas" the applicable "law of the court" is DOHSA. In essence, defendant argues that because DOHSA is the applicable law and because no jury trial right exists under DOHSA, plaintiffs are not entitled to a jury in their damages trials: DOHSA + Warsaw Convention (DOHSA) = DOHSA.

In opposition plaintiffs first argue that the Warsaw Convention, not DOHSA, applies exclusively to the present actions. Since the Warsaw Convention does not specify the mode of trial, plaintiffs contend that we must look to the "nearest historical analogy" to decided whether a right to a trial by jury exists. In this case, that would be a common law tort action, where trial by jury both as to liability and damages is an established right. Second, plaintiffs argue that even if DOHSA applies to the wrongful death claims they are still entitled to a jury because when admiralty claims are brought with claims at law which arise out of the same event, all claims are tried to a jury. Plaintiffs have each brought survival claims for the decedents' pre-death conscious pain and emotional suffering. Since these jury triable claims arise out of the same disaster giving rise to the wrongful death claims, plaintiffs contend they are entitled to try the whole package before a jury: Warsaw Convention + DOHSA = Warsaw Convention + DOHSA.

As plaintiffs note, four decisions have reached the specific issue raised by defendant's instant motion; each concludes that plaintiffs are entitled to try their damages before a jury. The first two decisions are *KAL I* and *KAL II* discussed above. The third case is *Air Crash Disaster in the Ionian Sea*, M.D.L. 229, 1979 WL 2973 (S.D.N.Y. April 10, 1979) (Duffy, J.). In *Ionian Sea*, defendants moved to strike plaintiffs' jury demand arguing that the sole jurisdictional predicate for plaintiffs' suits was DOHSA, that DOHSA only provides for admiralty jurisdiction and, accordingly, no right to a jury trial exists. Plaintiffs countered that in addition to DOHSA, the Warsaw Convention provided a "wholly independent jurisdictional predicate as well as an independent cause of action, entitling them to a jury trial." *Id.* at 21. Judge Duffy denied defendant's motion on two grounds. First, he found that the *Higginbotham* case did not, as defendants argued, compel the conclusion that DOHSA represented plaintiffs' exclusive remedy. Second, Judge Duffy found the defendants' position inherently inconsistent. "On the one hand, defendants seek to invoke a limitation upon their potential liability under the Warsaw Convention. Yet, they insist that plaintiffs' sole remedy is one in admiralty under the DOHSA thus foreclosing trial by jury." *Id.* at 22.

In *Air Crash Disaster Near Honolulu*, 783 F.Supp. 1261 (N.D.Cal.1992), defendants made the identical argument brought in the instant litigation that the "law of the court" of the United States for purposes of Warsaw Convention Article 28(2) is DOHSA. The Court rejected that argument, stating that the Warsaw Convention creates a separate cause of action for wrongful death and survival. "To hold, as defendants here assert, that DOHSA provides the full measure of damages where a passenger's death arises out of an incident covered by the Warsaw Convention would be to substitute a complete system of tort compensation with a partial remedy specifically created to rectify a recognized omission in the historical development of the common law." *Id.* at 1265. As to the right to a jury trial, the Court stated:

Suits in admiralty, including DOHSA suits, are traditionally tried to the court. However, 28 U.S.C. § 1333 specifies that federal courts have jurisdiction over maritime actions, 'saving to suitors in all cases all other remedies to which they are otherwise entitled.' Under the 'sav-

ing to suitors' clause, a plaintiff with claims in both admiralty and law may invoke either jurisdiction. *Atlantic & Gulf Stevedores, Inc. v. Ellerman Lines, Ltd.,* 369 U.S. 355, 360 [82 S.Ct. 780, 784, 7 L.Ed.2d 798] (1962); *Chelentis v. Luckenbach S.S. Co.,* 247 U.S. 372, 384 [38 S.Ct. 501, 503, 62 L.Ed. 1171] (1918). Furthermore, when claims carrying a right to a jury trial are joined with admiralty claims, all claims may be tried to a jury. *Fitzgerald v. United States Lines Co.,* 374 U.S. 16, 21 [83 S.Ct. 1646, 1650, 10 L.Ed.2d 720] (1963), *In re Korean Air Lines Disaster,* 704 F.Supp. 1135, 1153 (D.D.C.1988). The Federal Rules of Civil Procedure specify that where a plaintiff brings a claim which could be brought in either law or admiralty, the plaintiff is deemed to be proceeding in law unless the plaintiff expressly elects the court's maritime jurisdiction. Fed. R.Civ.P. 9(h).

All of the plaintiffs here assert claims cognizable in law under the Warsaw Convention. None of the plaintiffs have invoked the court's admiralty jurisdiction. Accordingly, all claims will be tried to a jury.

*Id.* at 1266.

■ Having considered defendant's argument at length, this Court concludes that plaintiffs are entitled to a jury trial. As the Second Circuit originally found in *Benjamin v. British European Airways,* 572 F.2d 913 (2d Cir.1978), and later reconfirmed in *In re Air Disaster at Lockerbie, Scotland,* 928 F.2d 1267, 1273 (2d Cir.1990), *cert. denied,* —— U.S. ——, 112 S.Ct. 331, 116 L.Ed.2d 272 (1991), "the Warsaw Convention creates a cause of action enabling a plaintiff to sue under its [own] terms." Defendant, of course, does not contest this point but argues instead that under Article 28(2) of the Convention we must look to local law, the "law of the court," to determine questions of procedure—including the question whether a right to a jury trial exists—and the applicable law of the court is DOHSA, under which defendants claim no such right applies. This Court disagrees for two reasons.

First, as Chief Judge Robinson stated in *KAL I,* there is no reason to look solely to DOHSA to determine the jury trial issue. A treaty, duly confirmed by two-thirds of the Senate, constitutes the law of the land equivalent in status to an Act of Congress. *See* U.S. Const. art. VI, cl. 2; *Foster v. Neilson,* 27 U.S. (2 Pet.) 253, 7 L.Ed. 415 (1829). The Supreme Court stated in *Curtis v. Loether,* 415 U.S. 189, 195, 94 S.Ct. 1005, 1009, 39 L.Ed.2d 260 (1974), "when Congress provides for enforcement of statutory rights in an ordinary civil action in the district courts, where there is obviously no functional justification for denying the jury trial right, a jury trial must be available if the action involves rights and remedies of the sort typically enforced in an action at law." The Warsaw Convention creates an action for wrongful death and survival and such actions, "essentially grounded in negligence and other common-law tort concepts, have been typically tried to juries." *KAL I,* 704 F.Supp. at 1153.

Second, even assuming defendant's contention that we should look to DOHSA on the question whether a right to a jury trial exists, the Court finds that in the instant cases DOHSA does not necessarily preclude a jury trial. First, as the Supreme Court stated, "[w]hile this Court has held that the Seventh Amendment does not require jury trials in admiralty cases, neither that Amendment nor any other provision of the Constitution forbids them." *Fitzgerald v. United States Lines Company,* 374 U.S. 16, 20, 83 S.Ct. 1646, 1650, 10 L.Ed.2d 720 (1963). Second, "[t]here is no language in [DOHSA] prohibiting a trial by jury." *Peace v. Fidalgo Island Packing Co.,* 419 F.2d 371, 372 (9th Cir.1969) (comparing the explicit prohibition of jury proceedings in the Suits in Admiralty Act, 46 U.S.C. §§ 741–42). And third, it is well settled that when jury and non-jury claims are combined before a court sitting in admiralty, all claims may be tried before a jury. *See Fitzgerald,* 374 U.S. at 20–21, 83 S.Ct. at 1650. In the two cases before this Court, plaintiffs have claims cognizable under the Warsaw Convention that sound in law and to the extent plaintiffs have claims

sounding in admiralty, all of plaintiffs' claims may be tried before a jury.

In any case, although the mere fortuity that Korean Air Flight KE007 was shot down over the "high seas" means that in addition to the Warsaw Convention, plaintiffs could have proceeded under DOHSA, the fact remains that they did not. 46 U.S.C.App. § 761 provides that "[w]henever the death of a person shall be caused by wrongful act, neglect, or default occurring on the high seas ... the personal representative of the decedent *may* maintain a suit for damages in the district courts of the United States, in admiralty, for the exclusive benefit [of specified beneficiaries]." (emphasis added). Under Rule 9(h) of the Federal Rules of Civil Procedure, when a pleading sets forth grounds for relief that could sound in admiralty as well as in another ground of jurisdiction, the pleader may preserve the procedural rules applicable in admiralty practice by including a statement on the pleading indicating the pleader's intention to proceed in admiralty. Fed.R.Civ.P. 9(h). None of the plaintiffs presently before the Court made such a designation. Accordingly, this Court finds that plaintiffs' claims may be tried to a jury.

## CONCLUSION

Finally, as was previously noted by Judge Duffy and Chief Judge Robinson, this Court finds a disturbing inconsistency in defendant's position. At the summary judgment stage of this litigation, defendant no doubt actively pursued the argument that the Warsaw Convention limited plaintiffs' damages to $75,000. Now defendant's are fighting just as hard, if not harder, to prove that DOHSA is exclusively applicable and precludes a jury trial. Plaintiffs, however, have claims arising under the Warsaw Convention and are in federal court on that basis. The Warsaw Convention creates a cause of action for wrongful death and survival sounding in law, and such claims may be tried to a jury. This fact may not be altered by the mere fortuity that the air crash occurs over the high seas.

For the reasons set forth above, defendant's motion to strike the jury demand from plaintiffs' complaints is denied.

SO ORDERED.