Stanley **COHEN**, Gerald A. **Garfinkle** and Eastern Artists and Drafting Materials, Inc., Plaintiffs,

v.

Elliott **KOENIG** and Robert **Koenig**, Defendants.

No. 92 Civ. 4463 (SAS).

United States District Court, S.D. New York.

May 9, 1996.

Gary J. Langer, New York City, for Plaintiffs.

Regina A. Matejka, Alfred R. Paliani, Edwards & Angell, New York City, for Defendants.

## OPINION AND ORDER

SCHEINDLIN, District Judge.

After a two-week bench trial, the Court issued detailed findings of fact and conclusions of law. *See Cohen v. Koenig,* 918 F.Supp. 719 (S.D.N.Y.1996) ("Opinion"). Familiarity with the Opinion is assumed. Plaintiffs now move for an order altering or amending the judgment pursuant to Fed. R.Civ.P. 59(e). For the reasons discussed below, the motion is denied.

### I. *Facts*

In early 1989, the Koenig Corporation sought to acquire the assets of Eastern Artists and Drafting Materials, Inc. After some negotiation, the Koenig Corporation agreed to purchase Eastern's assets on a part cash, part credit basis. In March 1991, before all the payments were made, the Koenig Corporation filed for bankruptcy under Chapter 11 of the Bankruptcy Code.

Plaintiffs Stanley Cohen ("Cohen"), Gerald Garfinkle ("Garfinkle") and Eastern Artists and Drafting Materials, Inc. ("Eastern") brought suit against Elliott and Robert Koenig, the principals of the Koenig Corporation, claiming fraud in connection with the Koenigs' purchase of Eastern's assets. Plaintiffs alleged that the Koenigs made fraudulent misrepresentations in two respects: (1) the Koenig Corporation's 1988 financial statement was certified and set forth a true and accurate depiction of the sound financial condition of the Koenig Corporation and (2) that the Koenig Corporation's financial condition had substantially improved since the period covered by the financial statement, and that specifically its net income would be substantially greater for the year ending on June 30, 1989.

In the Opinion, I held that the 1988 financial statement contained two fundamental errors. The first error involved the valuation of inventory purchased in 1987 as part of the acquisition of an art supply chain store known as Favor Ruhl. The second involved the allocation of costs for the reacquisition of Koenig stores from former franchisees ("stores held for resale"). I found that these errors were material, that Plaintiffs relied heavily on the financial statement, and that Plaintiffs suffered damage as a result of their reliance on the financial statement. I also found, however, that Plaintiffs had failed to prove, by clear and convincing evidence, that Defendants had acted with fraudulent intent.

### II. *Rule 59 Motions*

Pursuant to Fed.R.Civ.P. 59(e), a party may move to alter or amend a judgment within ten days after the entry of judgment. Grounds for relief under Rule 59(e) are equivalent to grounds for relief on a motion for reargument under Southern District Civil Rule 3(j). *Farkas v. Ellis,* 783 F.Supp. 830, 832–33 & n. 1 (S.D.N.Y.1992), *aff'd,* 979 F.2d 845 (2d Cir.1992).

Under Local Rule 3(j), a party who makes a motion for reargument is required to specify "the matters or controlling decisions which counsel believes the court has overlooked." A court should grant the motion "only if the moving party presents [factual] matters or controlling decisions court overlooked that might materially have influenced its earlier decision." *Morser v. AT & T Information Systems,* 715 F.Supp. 516, 517 (S.D.N.Y.1989); *see also Violette v. Armonk Associates, L.P.,* 823 F.Supp. 224, 226 (S.D.N.Y.1993). Furthermore, "[i]n deciding a Local Rule 3(j) motion, the court must not allow a party to use the motion to reargue as a substitute for appealing from a final judgment." *Fulani v. Brady,* 149 F.R.D. 501, 503 (S.D.N.Y.1993), *aff'd,* 35 F.3d 49 (2d Cir.1994). Rather, the rule "is to be narrowly construed and strictly applied so as

to avoid repetitive arguments on issues that have been considered fully by the court." *Ades v. Deloitte & Touche*, 843 F.Supp. 888, 892 (S.D.N.Y.1994). The decision to grant or deny a Rule 59(e) motion rests in the discretion of the district court. *McCarthy v. Manson*, 714 F.2d 234, 237 (2d Cir.1983).

### III. *Discussion*

■ In their moving brief, Plaintiffs do not assert that the Court overlooked factual matters or a controlling decision. Instead, Plaintiffs assert that the Court erroneously ascribes the Favor Ruhl inventory error to the Koenig Corporation's accountants, Blum, Shapiro & Company, and Koenig Corporation Chief Financial Officer David DeMeo ("DeMeo"). Plaintiffs further assert that the Court mistakenly found that both the Favor Ruhl and the "stores held for resale" errors involved "esoteric accounting principles." These "errors" may be grounds for appeal but they do not warrant granting a Rule 59 motion.

First, Plaintiffs argue that the "uncontradicted testimony" of DeMeo shows that a value of $649,000 for the Favor Ruhl inventory was given to him directly by Elliott Koenig:

> From the testimony it seems clear and uncontradicted that the use on the financial statement of the $649,000 amount, as the value of the acquisition value of the Favor Ruhl inventory, had nothing to do with esoteric accounting principles, but was derived sole[l]y from Elliott Koenig stating that value to David DeMeo. None of the "esoteric" discussions among the accountants about how to record a bargain purchase, addresses the simple fact that in this case the amount stated in the financial statement as the value of the Favor Ruhl inventory was the amount which Elliott Koenig stated to his CFO and his accountants.

Plaintiffs' Memorandum in Support of Motion to Alter of Amend the Judgment ("Pl. Mem.") at 5.

Moreover, Plaintiffs argue that the Court mistakenly valued Favor Ruhl's inventory in October 1987 instead of July 1987. To support this argument, Plaintiffs now offer premarked Exhibit 88—not introduced at trial— which allegedly shows that July is the proper time to evaluate the Favor Ruhl inventory.

Second, with regard to the stores held for resale, Plaintiffs argue that the Court overlooked the fact that the Koenig Corporation's financial statement falsely stated that a certain methodology was used to value repurchased stores when, in fact, a different methodology was used:

> The Koenigs and their accountants testified that they always valued the stores held for resale at the reacquisition cost, and that they firmly believed, even now, that that was the correct method. Even their accountants suggested that even though they agreed to change the methodology for the restatement of the financial statement they believed both methods were correct. What neither Koenig was able to explain was why the financial statement falsely states that it used a different method than they actually used.

Pl. Mem. at 8.

Plaintiffs' reliance on self-described "uncontradicted" testimony is suspect given that Plaintiffs' counsel does not have a transcript of the trial.[1] In addition, a citation to a document which is not part of the trial record is completely inappropriate. After fully considering all the evidence presented at trial, this Court concluded that Plaintiffs failed to present "clear and convincing" evidence of fraudulent intent as required by law. Opinion at 20–21. Nothing raised by Plaintiffs in this motion has caused me to change my opinion.

### IV. *Conclusion*

Because, as stated above, a Rule 59(e) motion must not be "a substitute for appealing from a final judgment," this motion is denied. Counsel has cited no controlling decision or factual matter that the Court has overlooked.

---

1. Neither party purchased the trial transcript   from the official court reporter.