**In re PAYROLL EXPRESS CORPORATION, et al.,**
**Debtors.**

**John S. PEREIRA, Esq., as Chapter 11 Trustee of the Estate of Payroll Express Corporation, et al., Plaintiff,**

**v.**

**AETNA CASUALTY & SURETY COMPANY, Federal Insurance Company, Chubb Group of Insurance Companies, and Angus John Roberts, an Underwriter at Lloyd's London, on behalf of himself and all other Lloyd's Underwriters subscribing to Insurance Policy Nos. C92163400F and C92163500F, et al., Defendants.**

**No. 95 CIV. 4385(SAS).**

United States District Court,
S.D. New York.

Nov. 13, 1997.

Robert M. Horkovich, Adam Reeves, Catherine Flanders, Anderson, Kill & Olick, P.C., New York City, for Plaintiff John S. Pereira.

William R. Mait, Michael C. Simmons, Mait, Wang & Simmons, New York City, for Defendants Federal Insurance Company and Chubb Group of Insurance Companies.

Arthur N. Lambert, Alan N. Goldberg, Lambert, Weiss & Pisano, New York City, for Defendant Aetna Casualty & Surety Company.

James M. McCullough III, Sedgwick, Detert, Moran & Arnold, New York City, for Defendant London Excess Underwriters.

### OPINION AND ORDER

SCHEINDLIN, District Judge.

### I. Introduction

Plaintiff John S. Pereira, the Chapter 11 Trustee of the Estate of Payroll Express

Corporation and Payroll Express Corporation of New York (collectively, "PEC"), filed claims to recover as property of the PEC Estate the proceeds of various employee dishonesty and crime insurance policies issued by defendant insurance companies, and to recover damages resulting from defendants' alleged bad faith denial of coverage under those policies. Defendants Aetna Casualty & Surety Company ("Aetna") and London Excess Underwriters ("LEU") moved for summary judgment pursuant to Fed.R.Civ.P. 56, and plaintiff cross-moved for summary judgment against LEU. In an Opinion and Order dated October 1, 1997 ("Opinion"), I granted LEU's motion, partially granted Aetna's motion, and denied plaintiff's cross motion. *See In re Payroll Express*, 216 B.R. 344 (S.D.N.Y.1997). Familiarity with the Opinion is assumed for purposes of the discussion below.

Plaintiff and Aetna now move pursuant to Local Civil Rule 6.3 for reconsideration of the denial and partial denial, respectively, of their motions for summary judgment. Additionally, Aetna has moved pursuant to Fed. R.Civ.P. 54(b) for the entry of final judgment on the partial grant of summary judgment. Aetna moves in the alternative for certification of the partial grant of summary judgment, pursuant to 28 U.S.C. § 1292(b), so that Aetna may petition for leave to appeal under Fed.R.App.P. 5.[1] For the reasons stated below, both parties' motions to reconsider are denied, and Aetna's Rule 54(b) and § 1292(b) motions are also denied.

## II. Motion to Reconsider Standard

 The legal standards by which a Rule 6.3 Motion for Reconsideration is decided are the same as those governing former Local Rule 3(j). *Wishner v. Continental Airlines*, 94 Civ. 8239, 1997 WL 615401, at *1 (S.D.N.Y. Oct. 6, 1997) (citing *Jones v. Trump*, 971 F.Supp. 783, 785 n. 2 (S.D.N.Y.

1997)). Pursuant to Local Rule 6.3, a party seeking reargument must demonstrate that the Court overlooked controlling decisions or factual matters "that might materially have influenced its earlier decision." *Anglo American Ins. Group v. CalFed, Inc.*, 940 F.Supp. 554, 557 (S.D.N.Y.1996) (quoting *Morser v. AT&T Information Sys.*, 715 F.Supp. 516, 517 (S.D.N.Y.1989)); *see also Frankel v. ICD Holdings S.A.*, 939 F.Supp. 1124, 1126 (S.D.N.Y.1996). Local Rule 6.3 "is to be narrowly construed and strictly applied so as to avoid repetitive arguments on issues that have been fully considered by the court." *Wishner*, 1997 WL 615401, at *1 (citing *CalFed*, 940 F.Supp. at 557); *Ades v. Deloitte & Touche*, 843 F.Supp. 888, 892 (S.D.N.Y. 1994). Parties may not use a motion for reargument to "advance new facts, issues or arguments not previously presented to the court." *Great American Ins. Co. v. J. Aron & Co.*, 94 Civ. 4420, 1996 WL 14455, at *2 (S.D.N.Y. Jan. 16, 1996) (quoting *Litton Indus., Inc. v. Lehman Bros. Kuhn Loeb Inc.*, 86 Civ. 6447, 1989 WL 162315, at *4 (S.D.N.Y. Aug. 4, 1989)). Accordingly, "[n]o affidavits or new material may be submitted, because 'such a motion is limited to the record that was before the Court on the original motion.'" *Wishner*, 1997 WL 615401, at *1 (quoting *Frankel*, 939 F.Supp. at 1126). The decision to grant or deny a motion for reargument is within the sound discretion of the district court. *See Cohen v. Koenig*, 932 F.Supp. 505, 507 (S.D.N.Y.1996); *Schaffer v. Soros*, 92 Civ. 1233, 1994 WL 592891, at *1 (S.D.N.Y. Oct. 31, 1994).

## III. Discussion of Motions to Reconsider

### A. *Plaintiff's Motion for Reconsideration*
#### 1. Rule 56(f) Objection

 Plaintiff argues that the Opinion did not address its Rule 56(f) objection concerning LEU's misappropriation defense. In its Rule 56(f) affidavit, plaintiff sought additional

---

1. At this Court's direction, plaintiff submitted a brief responding to Aetna's Rule 54(b) and § 1292(b) motions. *See* Trustee's Memorandum of Law in Response to Aetna's Motions Pursuant to Rule 54(b) and to 28 U.S.C. § 1292(b). In the conclusion of its responsive brief, plaintiff requested Rule 54(b) certification of the portions of

the Opinion dismissing the Trustee's claims against LEU and Aetna. *Id.* at 8. Because Plaintiff has not submitted a notice of motion on this Rule 54(b) request, plaintiff's application for the entry of final judgment is not properly before this Court, and is therefore not considered in this opinion.

discovery from American Security Services, Inc. ("AMSEC"), contending that a loss-control report prepared by AMSEC "directly contradicts Lloyd's misrepresentation defenses." Affidavit of Peter J. Andrews, Counsel for plaintiff, dated August 15, 1997, at ¶¶ 22–23.

■ An affidavit submitted pursuant to Rule 56(f) must include, *inter alia*, an explanation of "how the facts sought are reasonably expected to create a genuine issue of material fact." *Paddington Partners v. Bouchard*, 34 F.3d 1132, 1138 (2d Cir.1994). Plaintiff's assertion that the AMSEC report "directly contradicts" LEU's misrepresentation defenses was rejected in the Opinion, which held that LEU's actual or constructive knowledge of the information in the AMSEC report was immaterial to the determination that PEC's material misrepresentations voided the LEU policies. "As plaintiff's AMSEC argument does not address PEC's failure to disclose losses in excess of $2.3 million, it cannot expect to defeat LEU's motion by pointing to three other losses of which LEU may have known." Opinion at 22. Consequently, plaintiff's objection failed to satisfy at least one requirement of Rule 56(f), as additional discovery concerning the AMSEC report would not have created a genuine issue of material fact. Plaintiff's Rule 56(f) objection, therefore, does not present a basis for granting his motion to reconsider.

### 2. Plaintiff's Other Arguments for Reconsideration

■ Plaintiff's other arguments are unavailing for the following reasons. First, in his instant motion, plaintiff argues for the first time that LEU's alleged failure to tender back its premiums precludes cancellation or rescission of the LEU insurance policies. Plaintiff's argument violates the basic rule that prohibits a party from asserting new arguments in a motion to reconsider. *See, e.g., Great American*, 1996 WL 14455, at *2.

■ Second, plaintiff's arguments concerning Barbara Felzenberg's status as a PEC employee, Marshall & Sterling's status as an agent of LEU, the reasonableness of LEU's investigation of PEC's claims, and the materiality of LEU's misrepresentations in the insurance policy application, were all addressed in the Opinion. Plaintiff points to no material facts overlooked by the Opinion in deciding these issues.

■ Third, plaintiff challenges the Opinion's conclusion that the record contained no evidence suggesting that PEC suffered losses from the dishonest conduct of Alicia and Emily Felzenberg independent of Robert and Barbara Felzenberg. Plaintiff's motion presents evidence that was not considered in the Opinion: deposition testimony of Emily Felzenberg dated October 18, 1997, and deposition testimony of Alicia Felzenberg dated October 20, 1997. *See* Affidavit of Adam A. Reeves, Counsel for plaintiff, dated October 22, 1997, Exs. L, M. However, these deposition statements, which concern the Felzenberg children's receipt of jewelry from their father, are not material to the issue of whether the children misappropriated any funds from PEC independent of their parents, while PEC employees. Moreover, this deposition testimony was not part of the record when plaintiff submitted his motion for summary judgment, and therefore cannot be relied upon in the instant motion for reconsideration. *See Wishner*, 1997 WL 615401, at *1; *Frankel*, 939 F.Supp. at 1126.

■ Fourth, plaintiff contends that the prior Opinion misstates New Jersey's law of bad faith. Plaintiff cites only one case that the Opinion did not consider—an unpublished trial court decision, *Stavola Contracting Co. v. Liberty Mut. Ins. Co.*, N. MON–L–3478–92 (N.J.Super., Monmouth Co., Sept. 12, 1997). As a general matter, such a lower court decision is not "controlling authority" within the meaning of Local Rule 6.3. *See Ades*, 843 F.Supp. at 892. Moreover, I relied on New Jersey Supreme Court precedent in determining New Jersey's bad faith standard. Because plaintiff's asserted interpretation of *Stavola*, like his interpretation of *Princeton Gamma–Tech, Inc. v. Hartford Ins. Co.*, N. SOM–L–1289–91 (N.J.Super., Somerset Co., June 5, 1997), is inconsistent with the holding of the state's highest court, *see* Opinion at 49–50, it cannot provide a basis for reconsideration.

■ Finally, plaintiff argues that PEC's creditors will suffer if Robert Felzenberg's misrepresentations on Question 36 of the LEU policy application are imputed to PEC. However, PEC's creditors were not the parties insured under the LEU policies. Plaintiff fails to suggest how the suffering of PEC's creditors is material to my conclusion that Robert Felzenberg's misrepresentation on Question 36 voided the LEU policies.

### B. *Aetna's Motion for Reconsideration*

Aetna argues (1) that none of plaintiff's claimed losses are attributable to the conduct of George Gillmore ("Gillmore"), Howard Messer, Robert Gussow, or Rose Felzenberg (collectively, the "defalcating employees") independent of Robert and Barbara Felzenberg; and (2) that Gillmore does not qualify as an employee for purposes of Aetna's insurance policy. However, Aetna fails to point to any material facts that were overlooked by this Court in determining that these issues present genuine issues of material fact to be resolved at trial.

Aetna further asserts that plaintiff did not allege, in either its Amended Complaint or its Proof of Loss, that some of the employees' defalcations occurred independent of the Felzenbergs. This assertion is simply incorrect. The Amended Complaint states in no uncertain terms that "[t]he dishonest acts were committed by the Defalcating Employees, *alone* and in collusion with other persons." Amended Complaint at ¶ 105 (emphasis added).

### IV. Motion for Certification Pursuant to Rule 54(b)

■ Aetna seeks the entry of final judgment on the Opinion's partial grant of summary judgment, pursuant to Fed. R.Civ.P. 54(b). A court may enter judgment under Rule 54(b) only where a claim has been "finally decided," within the meaning of 28 U.S.C. § 1291. *See Advanced Magnetics, Inc. v. Bayfront Partners, Inc.,* 106 F.3d 11, 16 (2d Cir.1997) (citing *Ginett v. Computer Task Group, Inc.,* 962 F.2d 1085, 1091 (2d Cir.1992)). The *Ginett* court explained that for purposes of Rule 54(b), a decision is final where it "ends the litigation [of that claim] on

the merits and leaves nothing for the court to do but execute the judgment entered on that claim." *Id.* at 1092 (quoting *Coopers & Lybrand v. Livesay,* 437 U.S. 463, 467, 98 S.Ct. 2454, 2457, 57 L.Ed.2d 351 (1978)). *See also Digital Equip. Corp. v. Desktop Direct, Inc.,* 511 U.S. 863, 867, 114 S.Ct. 1992, 1995–96, 128 L.Ed.2d 842 (1994).

In granting Aetna only partial summary judgment, I held that plaintiff had presented sufficient evidence to raise a genuine issue of material fact regarding: (1) whether the defalcating employees embezzled funds independent of Robert and Barbara Felzenberg, *see* Opinion at 48; and (2) whether each of the defalcating employees qualifies as an "employee" under the Aetna insurance policy. *See* Opinion at 44–45. Thus, I denied Aetna's motion for summary judgment on the claims concerning the defalcating employees because these claims present questions of material fact. The Opinion did not render a final judgment on these claims; they will be finally resolved only after a trial. *See* 10 James W. Moore et al., *Moore's Federal Practice* § 54.22[2][a][i] (3d ed. 1997) ("an order granting or denying summary judgment that only partially adjudicates the claim" is not "final" for purposes of Rule 54(b)). Accordingly, plaintiff's motion for entry of judgment under Rule 54(b) is denied.

### V. Motion for Certification Pursuant to 28 U.S.C. § 1292(b)

■ Pursuant to § 1292(b), Aetna seeks certification of the same issue on which it seeks the entry of final judgment under Rule 54(b)—the denial of Aetna's motion for summary judgment as to losses caused by the defalcating employees. Section 1292(b) provides that a district court judge shall only certify for interlocutory review an order that, *inter alia,* "involves a controlling question of law as to which there is substantial ground for difference of opinion." 28 U.S.C. § 1292(b). Elaborating on this requirement, the Second Circuit has explained that "[w]here the controlling issues are questions of fact, or, more precisely, questions as to whether genuine issues of material fact remain to be tried, the federal scheme does not provide for an immediate appeal solely on the

ground that such an appeal may advance proceedings in the district court." *Harriscom Svenska AB v. Harris Corp.*, 947 F.2d 627, 631 (2d Cir.1991) (citing *Chappell & Co. v. Frankel*, 367 F.2d 197, 200 n. 4 (2d Cir. 1966)).

Aetna seeks certification of this Court's determination that genuine issues of material fact remain to be tried with respect to the losses caused by the defalcating employees. Because the issues in this portion of the opinion present questions of fact, Aetna's motion for certification pursuant to § 1292(b) is denied.

## VI. Conclusion

For the reasons stated above, (1) plaintiff's motion for reconsideration, (2) Aetna's motion for reconsideration, and (3) Aetna's motions pursuant to Rule 54(b) and § 1292(b), are all denied.

SO ORDERED: