**Alfred PERRECA and Marie A. Perreca, Plaintiffs,**

**v.**

**Michael GLUCK, individually, and as Administrator and Trustee of Marketing Industries Group, Ltd. Employee's Retirement Plan and Marketing Industries Group, Ltd., Defendants.**

No. 99 CIV. 1779(RLE).

United States District Court, S.D. New York.

May 8, 2003.

Arnold I. Rich, Attorney at Law, White Plains, NY, for Alfred Perreca, Marie A. Perreca, Plaintiffs.

Suzanne M. Halbardier, Barry, McTiernan & Moore, New York City, for Michael Gluck, Andrew Gluck, Marketing Industries Group, Ltd., Defendants.

Suzanne M. Halbardier, Barry, McTiernan & Moore, New York City, for Michael Gluck, Marketing Industries Group, Ltd., Third–Party Plaintiffs.

Barbara L. Rabinowitz, Kevin Balfe, Schilz, Balfe, Rabinowitz & Holland, LLC, Melville, NY, for USI Retirement Systems, USI Retirement Services, Inc., Pension Planning Inc., Hogg Robinson Consulting Group, Inc., Innovative Retirement Concepts Co., Third–Party Defendants.

## OPINION AND ORDER

ELLIS, United States Magistrate Judge.

### I. INTRODUCTION

Before this Court is a motion by plaintiffs Alfred and Marie Perreca ("Perreca") pursuant to Federal Rule of Civil Procedure 59, asking this Court to amend its judgment following a jury trial and entered into the record on February 28, 2003, in favor of the defendants. Defendants Michael Gluck and Marketing Industries Group, Limited (collectively "defendants") have filed a motion pursuant to Federal Rule of Civil Procedure 59, asking this Court to set aside the jury's answer to Question One on the verdict form. For the following reasons, the plaintiffs' motion for amendment of the judgment is **GRANTED**, and defendants' motion to set aside the jury verdict is **DENIED**.

### II. BACKGROUND

The facts of this case have been laid out in *Perreca v. Gluck*, 295 F.3d 215, 218–220 (2d Cir.2002). For purposes of this decision, it is important to note that following remand of this case by the Second Circuit, a jury trial was held from February 24–28, 2003. The day before the jury was charged, the Court met with the parties to discuss both the jury charge and the special verdict form. Recommendations by the parties were incorporated into both. Further, the parties were given the opportunity to review the jury charge and special verdict forms over night, and address any problems the following morning, before the jury was charged. The first question on the Special Verdict Form read "Do you find that the plaintiffs have established by a preponderance of the evidence that Mr. Perreca was promoted to Night Manager before January 1, 1965?" to which the jury answered "Yes." The second questions asked whether or not Mr. Perreca should be credited with service back to his original start date of 1959, to which the jury answered "No." Judgement was entered for the defendants. The plaintiffs subsequently brought the instant motion.

## III. DISCUSSION

### A. Standard of Review

 Pursuant to Rule 59, a court should modify its judgment "only where the moving party demonstrates that the Court has overlooked factual matters or controlling decisions that were presented to it on the underlying motion." *Whiteman v. Federal Republic of Austria,* 2002 WL 31368236 * 1 (S.D.N.Y.2002) (citations omitted). "The moving party may not advance new facts, issues or arguments not previously presented to the Court." *Id.* Further, "the court must not allow a party to use the motion ... to reargue as a substitute for appealing from a final judgment." *Cohen v. Koenig,* 932 F.Supp. 505, 506 (S.D.N.Y.1996) (citation omitted). The standard must be narrowly construed "to dissuade repetitive arguments on issues that have already been considered fully by the Court." *Whiteman,* 2002 WL 31368236 at *1 (citation omitted). The decision to grant or deny a Rule 59 motion rests within the sound discretion of the district court. *Id.*

### B. "Law of the Case" Doctrine

 Within this Circuit, the "law of the case" doctrine is a rule of practice followed by New York courts that dictates that "a decision on an issue of law made at one stage of a case becomes binging precedent to be followed in subsequent states of the same litigation." *In re Korean Air Lines Disaster,* 798 F.Supp. 755, 759 (E.D.N.Y.1992) (citation omitted). Further, "law of the case is concerned with the extent to which law applied in a decision at one stage of litigation becomes the governing principle in later stages of the same litigation." *Rezzonico v. H & R Block, Inc.,* 182 F.3d 144, 148 (2d Cir.1999). "As most commonly defined, the doctrine [of law of the case] posits that when a court decides upon a rule of law, that decision should continue to govern the same issues in subsequent stages in the same case." *Arizona v. California,* 460 U.S. 605, 618, 103 S.Ct. 1382, 75 L.Ed.2d 318 (1983). Finally, "under law of the case a trial court cannot reconsider on remand an issue decided by an appellate court." *Rezzonico,* 182 F.3d at 148–49.

 The Second Circuit has previously held, "[o]n the date that Perreca was elevated to management, he would have (1) automatically ceased to be a member of the union—a fact that is conceded by both plaintiffs and defendants; (2) no longer been subject to the union's collective bargaining agreement; and (3) become eligible to participate in the Sternberger Plan." *Perreca,* 295 F.3d at 220. The Court further held, "the cause is remanded to the District Court for trial on the issue of whether Perreca was promoted to Night Manager in 1963, as [Perreca] contends—or, for that matter, *at any time prior to January 1, 1965, which was the effective date of the Sternberger Plan*—or whether his union membership in fact continued until April 1966, as defendants insist." *Id.* at 222 (emphasis added). Clearly, the Court held that the plan would be effective from the start date of the plan for any management employee who was in a management position prior to January 1, 1965.

Defendants claim that plaintiffs are attempting to argue new issues. *See* Affirmation of Suzanne M. Halbardier ("Def.Aff.") at ¶ 7. However, as the Second Circuit noted, defendants have conceded the fact that if Perreca was promoted before the effective date of the pension plan, he was covered from January 1, 1965. *See* Defendant's Reply Affirmation to Plaintiff's Opposition to Defendant's Motion for Summary Judgment at ¶ 7. ("The only fair reading of the Plan is thus to *exclude*

those time periods when the employer was required to contribute to another plan, pursuant to a collective bargaining agreement. Any other interpretation would avoid and ignore the plain meaning of the Plan."). It is therefore clear that Perreca has proven that he was promoted before the effective date of the retirement plan, and therefore entitled to coverage from January 1, 1965.

## IV. CONCLUSION

For the foregoing reasons, plaintiffs' motion to amend the judgment is **GRANTED,** and defendants' motion to set aside the verdict is **DENIED.** Defendants shall calculate the appropriate adjustment to Perreca's pension and submit to the Court by May 14, 2003.